# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY, *et al.*,<br><br>*Defendants.* | Civil Action No. 2:19-cv-10375-RHC-SDD<br><br>**PARTIES' STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving confidential personal, business, religious, or financial information ("Confidential

Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation, absent objections as described below.

3. Upon receipt of a designation of confidential material, any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 7 below. The parties shall continue to treat the designated documents or

information according to the designation until the matter is resolved according to the procedures described in paragraph 7 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual parties and any representative of a party entity who has decision-making authority concerning the litigation, but only to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so

      disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

  (e) any authors or recipients of the Confidential Information;

  (f) the Court, Court personnel, and court reporters; and

  (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

7. No party or non-party shall file or submit for filing as part of the court record, or move to admit at any hearing or trial, any documents designated as confidential without first seeking agreement in writing from the designating party and then consulting in good faith to redact any confidential information that is not necessary to prosecute or defend this litigation. If the parties are unable to reach agreement, the designating party shall have fourteen (14) days from the written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection. The party seeking to file or admit the confidential information shall not do so

without first seeking leave from the Court to file under seal pending resolution of the application.

8. The same procedures regarding written notice and application to the Court shall apply if a party contends that any material is not entitled to confidential treatment for any reason in any other context.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as such shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

  (a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

  (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

  (c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the

conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (60) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (60) days that the documents have been destroyed.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

12. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

IT IS SO STIPULATED this 7th day of July, 2020.

By: /s/ Lori H. Windham
Lori H. Windham
Eric C. Rassbach
Daniel H. Blomberg
Eric S. Baxter
The Becket Fund for Religious
   Liberty
1200 New Hampshire Ave. NW,
Washington, DC, 20036
(202) 955-0095 phone
(202) 955-0090 fax
lwindham@becketlaw.org

Paul C. Schultz
Mitzel Law Group
1590 Eisenhower Place
Ann Arbor, MI 48108
734-668-4109
Fax: 734-668-4101
Email: pschultz@mitzellaw.com

*Counsel for Plaintiffs*

By: /s/ Andrew M. Pauwels
J. Michael Huget (P39150)
Leonard M. Niehoff (P36695)
Andrew M. Pauwels (P79167)
Rian C. Dawson (P81187)
Honigman LLP
315 E. Eisenhower, Suite 100
Ann Arbor, Michigan 48108
(734) 418-4200
mhuget@honigman.com
lniehoff@honigman.com
apauwels@honigman.com
rdawson@honigman.com

*Counsel for Defendants*

**SO ORDERED.**

**Dated: July 9, 2020**

                                      **s/Robert H. Cleland**
                                      Robert H. Cleland
                                      United States District Court Judge

## EXHIBIT A

## Certification

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated July 7, 2020, in *InterVarsity Christian Fellowship v. Wayne State University*, Civil No. 2:19-cv-10375-RHC-SDD.

I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information—including copies, notes or other transcriptions made therefrom—to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

_____    _____
Name                                                  Title

_____    _____
Signature                                            Date