**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

INTERVARSITY CHRISTIAN FELLOWSHIP/USA
and INTERVARSITY CHRISTIAN FELLOWSHIP
WAYNE STATE CHAPTER,

    Plaintiffs,

v.                                          Case No. 19-10375

BOARD OF GOVERNORS OF WAYNE STATE
UNIVERSITY, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION AND GRANTING
SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS**

Plaintiffs InterVarsity Christian Fellowship/USA and InterVarsity Christian Fellowship, Wayne State Chapter, ("Intervarsity") brought this action in March 2018 against Defendants Board of Governors of Wayne State University, Roy Wilson, Sandra Hughes O'Brien, Michael Busuito, Mark Gaffney, Marilyn Kelly, Dana Thompson, Bryan C. Barnhill II, Anil Kumar, Shirley Stancato, David Strauss, and Ricardo Villarosa. (ECF No. 1.) Defendants are either board members or administrators at Wayne State University.

After Plaintiffs operated for 75 years as a Christian student group on Wayne State's campus, in October 2017, Defendants revoked their status as a Registered Student Organization ("RSO"). According to Defendants, they did so because Plaintiffs embraced religious criteria for student leadership positions. Plaintiffs required that their faith leaders (called "Christian leaders") agree with Plaintiffs' "Doctrine and Purpose

Statements," "exemplify Christ-like character, conduct and leadership," and describe their Christian beliefs. (ECF No. 59, PageID.2713, 2730-31; ECF No. 47-48, PageID.2310, 2320; ECF No. 45, PageID.753.) Defendants posited that Plaintiffs' leadership criteria was unacceptable because it violated Wayne State's non-discrimination policy. (ECF No. 59, PageID.2730-31; ECF No. 47-48, PageID.2320; ECF No. 45, PageID.753.) Consequently, Plaintiffs lost the numerous benefits of RSO status. (ECF No. 59, PageID.2719-20, 2138-39, 2764-67; ECF No. 47-45, PageID.2138-39)

Plaintiffs brought claims against Defendants under the Religion Clauses of the First Amendment and internal management rights (Counts 1 and 2), free speech rights (Counts 7 and 8), freedom of association rights (Count 6), freedom of assembly rights (Count 9), free exercise rights (Counts 3 and 4), free exercise rights under the Michigan Constitution (Count 15), rights under the Establishment Clause of the First Amendment (Count 5), free speech rights guaranteed by the Michigan Constitution (Counts 16-19), rights under the Equal Protection Clause of the Fourteenth Amendment (Count 10), rights under the Due Process Clause of the Fourteenth Amendment (Count 20), and rights under Michigan's ELCRA (Count 13). After a period of discovery, Plaintiffs moved for partial summary judgment, and Defendants moved for summary judgment. (ECF Nos. 45, 47.) On March 24, 2021, the court held a hearing on the motions, and on April 5, 2021, the court granted Plaintiffs' motion for partial summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (ECF No. 69.)

In the April 5 opinion, the court held that, as a matter of law, Defendants violated Plaintiffs' internal management rights, free speech rights, freedom of association rights,

and freedom of assembly rights under the First Amendment. (ECF No. 69, PageID.2866-2915.) The court also held that Defendants violated Plaintiffs' free exercise rights under both the U.S. and Michigan Constitution, and the Establishment Clause of the First Amendment. (*Id.*, PageID.2915-24.) As a result of these holdings, the court enjoined Defendants from "revoking Plaintiffs' RSO status at Wayne State University based on Plaintiffs' religious criteria for student leadership selection." (*Id.*, PageID.2937.)

In the April 5 opinion, the court directed Defendants to file additional briefing. (*Id.*, PageID.2937.) Plaintiffs did not move for summary judgment on their free speech claims under the Michigan Constitution or on their claim under the Equal Protection Clause. (*Id.*, PageID.2929-31.) However, the court stated that it would *sua sponte* consider summary judgment in favor of Plaintiffs on those claims, and the court provided Defendants an opportunity to respond. (*Id.*, PageID.2929-31, 2937.) On April 29, 2021, the parties presented a stipulation in lieu of responding to the court's *sua sponte* consideration of summary judgment. (ECF No. 73.) The parties agreed that "efficiency and judicial economy will be served by a ruling of the Court . . . without further briefing." (*Id.*, PageID.3043.)

On April 19, 2021, Defendants filed a motion for reconsideration of the court's April 5 opinion. (ECF No. 71.) Plaintiffs filed a response on May 3, 2021. (ECF No. 74.)

**I.   DISCUSSION**

The court will first address Defendants' motion for reconsideration and will then consider summary judgment in favor of Plaintiffs on the free speech claims under the Michigan Constitution and the Equal Protection Clause claim.

3

## A. Defendants' Motion for Reconsideration

To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

In the motion for reconsideration, Defendants do not contest the court's reasoning that their actions to revoke Plaintiffs' RSO status because of their religious leadership criteria infringed upon Plaintiffs' internal management rights, free speech rights, freedom of association rights, freedom of assembly rights, and free exercise rights under both the U.S. and Michigan Constitution, as well as their rights under the Establishment Clause. The court's April 5 opinion thus stands in substance uncontested, at least insofar as the motion for reconsideration is concerned.

Nonetheless, Defendants claim that the court's injunction, which bars them from "revoking Plaintiffs' RSO status at Wayne State University based on Plaintiffs' religious criteria for student leadership selection" (*Id.*, PageID.2937), is overbroad. Defendants argue that the injunction prohibits them from revoking Plaintiffs' RSO status in the future if Plaintiffs continue to require that their Christian leaders be Christian. (ECF No. 71, PageID.3037, Motion for Reconsideration ("[T]he Court's order would require WSU to permit Plaintiffs to so restrict its leadership.").) Defendants claim that, if they were to

4

neutrally apply their non-discrimination policy to other organizations, which they have not done thus far, (ECF No. 69, PageID.2894-96, 2923), revoking Plaintiffs' RSO status on the basis of their religious leadership criteria would be constitutionally permissible.[1]

The court will deny Defendants' motion for reconsideration. First, Defendants had ample opportunity to argue in favor of a narrower permanent injunction as a remedy, if Plaintiffs were successful in their motion for partial summary judgment on the merits. Plaintiffs requested in their motion for partial summary judgment that the court "[i]ssue a permanent injunction prohibiting enforcement of Wayne State's Non-Discrimination Affirmative Action Policy against [them] based on [their] religious leadership selection policies."[2] (ECF No. 47, PageID.1102.) That language tracks closely the language eventually included in the April 5 opinion, which prohibits Defendants from "revoking Plaintiffs' RSO status at Wayne State University based on Plaintiffs' religious criteria for student leadership selection." (ECF No. 69, PageID.2937.)

Defendants claim that the court's injunction improperly bars them from enforcing the non-discrimination policy against Plaintiffs for their religious leadership criteria. Yet nowhere in the 187 pages of briefing Defendants submitted to this court, nor at any time is the motion hearing on March 24, 2021, did they argue that, if the court were to grant Plaintiffs' motion for partial summary judgment, the court should not issue an injunction as broad as the injunction requested by Plaintiffs. Defendants dedicated three pages of

---

[1]  Defendants do not offer any suggested language for a revised injunction. Instead, they indicate that the current injunction does not account for the neutrality of potential revisions and applications of the non-discrimination policy, revisions which have yet to be made. (*See* ECF No. 71, PageID.3037-38.)

[2]  Plaintiffs' complaint requested a similar injunction "prohibiting enforcement of Wayne State's nondiscrimination policy against InterVarsity based on InterVarsity's practice of selecting religious leaders who share its faith." (ECF No. 1, PageID.43.)

briefing to the argument that no injunction in favor of Plaintiffs should issue at all, but at no point did Defendants analyze or mention the language or scope of a possible injunction. (*See* ECF No. 53, PageID.2441-43.) In their briefing and at the March 24 motion hearing, Defendants offered no alternative language that court could consider in crafting an injunction. Noticeably, in the motion for reconsideration Defendants still present the court no proposed injunction language that they suggest should satisfy their obligations under the First Amendment.

Further, Plaintiffs argued in their motion for partial summary judgment that the First Amendment's protections of internal religious management "categorically prohibit[ed]" Defendants from interfering in Plaintiffs' selection of their ministers. (ECF No. 47, PageID.1133.) Plaintiffs stated that "[b]y denying registration because of [their] leadership policies, Wayne State violated the Religion Clauses' rule that the government is not allowed to dictate or even to influence who a religious organization's spiritual leaders will be." (*Id.* (quotations removed); *see also* ECF No. 59, PageID.2778, Plaintiffs' Reply (quotations removed) ("[The Religious] Clauses are an unwaivable structural limitation against federal and state governments telling a religious organization who its spiritual leaders would be.").) Plaintiffs also argued that, both facially and as applied, Defendants' decision to revoke Plaintiffs' RSO status because of their religious leadership criteria violated Plaintiffs' freedoms of speech, association, assembly, and exercise, as well as the Establishment Clause. (*See* ECF No. 47, PageID.1133-56; ECF No. 55, PageID.2551-68.) Thus, it should have been abundantly clear based on Plaintiffs' motion for partial summary judgment and briefing that, were the court to grant Plaintiffs' motion, Defendants would be prohibited from revoking

6

Plaintiffs' RSO status based on Plaintiffs' application of religious criteria in selecting their Christian leaders. The court ruled in favor of Plaintiffs on the internal management, freedom of speech, freedom of association, freedom of assembly, freedom of exercise, and Establishment Clause claims. (*See* ECF No. 69, PageID.2866-87.) Accordingly, the court enjoined Defendants from revoking Plaintiffs' RSO status based on Plaintiffs' religious leadership criteria. (*Id.*, PageID.2937.)

It is well established in the Sixth Circuit and in this district that "[a]rguments raised for the first time in a motion for reconsideration are untimely and forfeited." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684 (6th Cir. 2012); *United States v. Gordon*, Case No. 18-20834, 2019 WL 3035564, at *1 (E.D. Mich. July 11, 2019) (Roberts, J.) (quoting *Allen v. Henry Ford Health Sys.*, Case No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (Edmunds, J.)) ("[M]otions for reconsideration do not permit 'the losing party to attempt to supplement the record with previously available evidence' or 'raise new legal theories that should have been raised earlier.'").

Defendants were aware of Plaintiffs' arguments that, under the First Amendment's protections of internal religious management, freedom of speech, freedom of association, freedom of assembly, freedom of exercise, and under the Establishment Clause, Defendants could not condition access to the benefits of RSO status on Plaintiffs rescinding their religious criteria for their Christian leaders. (*See* ECF No. 47, PageID.1127-56; ECF No. 55, PageID.2544-68.) In fact, Defendants included detailed analysis in briefing arguing that Plaintiffs' claims had no merit. (*See* ECF No. 53, PageID.2411-41; ECF No. 58, PageID.2697-2708.) Further, Defendants were aware of the injunction Plaintiffs proposed which would prohibit Defendants from revoking

Plaintiffs' RSO status "based on [their] religious leadership selection policies." (ECF No. 47, PageID.1102.) Ultimately, "there was no reason why [Defendants] could not have presented [their] argument" for a narrower injunction prior to the motion for reconsideration. *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Denial of the motion is warranted on this basis alone.

Even if the court considered Defendants' new arguments, those arguments do not justify amendment of the April 5 opinion. In the April 5 opinion, the court thoroughly reviewed the historical foundations of the First Amendment, along with its text, precedents, and its place in the American constitutional structure, and concluded that "[t]he First Amendment provides religious organizations the right to select their own ministers, and, under the First Amendment and § 1983, organizations can sue the government for violating that right." (ECF No. 69, PageID.2866-76.) The court continued and held that the undisputed facts of this case demonstrated that Plaintiffs were properly classified as a religious group, that their Christian leaders were ministers under the First Amendment, and that Defendants' decision to revoke Plaintiffs' RSO status based on contentious criticism of Plaintiffs' required religious criteria for their ministers infringed upon Plaintiffs' constitutional rights to internal management. (*Id.*, PageID.2876-87.)

In addition, the court reviewed Defendants' arbitrary and inconsistent application of their non-discrimination policy, and the numerous exceptions and exemptions they established and fostered for other RSOs, and held that Defendants revocation of Plaintiffs' RSO status based on religious leadership criteria violated Plaintiffs' freedom

of speech, freedom of association, freedom of assembly, free exercise, and Establishment Clause rights. (*See* ECF No. 69, PageID.2888- 2924.)

The court thoroughly analyzed and accurately determined that a permanent injunction was necessary.[3] (*Id.*, PageID.2934-37.) As Plaintiffs' motion for partial summary judgment requested, (ECF No. 47, PageID.1102), and the logic of the court's holdings naturally implicated, Defendants must be enjoined from "from revoking Plaintiffs' RSO status at Wayne State University based on Plaintiffs' religious criteria for student leadership selection." (*Id.*, PageID.2937.) The court's injunction neither embraced nor depended upon a "palpable defect" by which the court was "misled." E.D Mich. L.R. 7.1(h)(3). Thus, even if the court were to consider Defendants' new arguments (which the court affirmatively does not because they were forfeited), denial of the motion for reconsideration is warranted.

### B.  Summary Judgment

In the April 5 opinion, the court held that "Defendants violated the United States Constitution's free speech protections as a matter of law." (ECF No. 69, PageID.2929-30.) The court also noted that "[t]he United States and Michigan Constitutions provide the same protections of the freedom of speech." (*Id.*, PageID.2929 (citing *Thomas M. Cooley Law Sch. v. Doe 1*, 833 N.W.2d 331, 338 (Mich. Ct. App. 2013); *In re Contempt of Dudzinski*, 667 N.W.2d 68, 72 (Mich. Ct. App. 2003)).) Thus, the court raised *sua sponte* the issue of whether summary judgment in favor of Plaintiffs was appropriate on their free speech claims under the Michigan Constitution. (*Id.*, PageID.2930.)

---

[3]   Defendants do not contest this point in the motion for reconsideration.

9

Defendants were provided an opportunity to respond, (*id.*, PageID.2930), but they declined to provide additional briefing or arguments. (ECF No. 73, PageID.3043.) Thus, for the same reasons as those stated in the court's April 5 opinion, (ECF No. 69, PageID.2888-2911), the court holds that, as a matter of law, Defendants violated Plaintiffs' free speech rights under the Michigan Constitution. Fed. R. Civ. P. 56(f)(3) (stating that the court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute"). Summary judgment on the free speech claims under the Michigan Constitution will be granted in favor of Plaintiffs. *Id.*

In addition, the court stated in its April 5 opinion that Plaintiffs' claim under the Equal Protection Clause tracks closely with their claims under the First Amendment. "The difference between asserting a fundamental right directly and bringing an equal protection clause claim can be small; the two claims are often analyzed in conjunction with one another." (*Id.*, PageID.2930.) Because "Defendants infringed on Plaintiffs' fundamental rights to speech, association, and religious exercise," the court *sua sponte* raised the issue of summary judgment in favor of Plaintiffs on the Equal Protection claim and provided Defendants an opportunity to file a response. (*Id.*, PageID.2930-31, 2937.)

Defendants chose not to file additional briefing opposing summary judgment. (ECF No. 73, PageID.3043.) Thus, for the reasons stated in the April 5 opinion, (ECF No. 69, PageID.2866-2924, 2930-31), summary judgment on the Equal Protection Clause claim will be granted in favor of Plaintiffs. Fed. R. Civ. P. 56(f)(3).

10

## II.  CONCLUSION

Defendants' motion for reconsideration contains arguments that should have been raised before the court issued its April 5 opinion. In any event, reconsideration of the court's April 5 opinion is not justified. Further, summary judgment in favor of Plaintiffs is warranted on the free speech claims under the Michigan Constitution and the Equal Protection claim. Accordingly,

IT IS ORDERED that Defendants' "Motion for Reconsideration" (ECF No. 71) is DENIED.

IT IS FURTHER ORDERED that summary judgment is GRANTED in favor of Plaintiffs as to the free speech claims under the Michigan Constitution (Counts 16-19) and the claim under the Equal Protection Clause (Count 10).

s/Robert H. Cleland        /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner         /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10375.INTERVARSITY.DENY.MotionforReconsiderationand.GRANT.SuaSponteSummaryJudgment.RMK.RHC.2.docx